**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

NAJIBE FRAIJE,

                              Plaintiff,

      - v -                                                Civ. No. 8:10-CV-514
                                                                   (GTS/RFT)

HILLARY RODHAM CLINTON,
*Secretary of the United States Department of State*,
EDWARD A. BETANCOURT,
*Director, Office of Overseas Citizens Services,*
*United States Department of State*,
UNITED STATES DEPARTMENT OF STATE,
UNITED STATES OF AMERICA

                              Defendants.
_____

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## MEMORANDUM-DECISION and ORDER

On May 3, 2010, Ms. Fraije filed a Complaint for A Writ of Mandamus, Injunctive and Declarative Relief. Dkt. No. 1, Compl. On November 8, 2010, after receiving three extensions, Dkt. Nos. 5, 9, & 13,[1] Defendants filed a Motion for a More Definite Statement pursuant to FED. R. CIV. P. 12(e). Dkt. No. 15, Defs.' Mot.[2] Ms. Fraije filed an Opposition to Defendants' Motion, Dkt. No. 16,[3] to which Defendants replied, Dkt. No. 18.

Defendants raise several reasons for a more definite statement. Defendants posit that

---

[1] The three extensions amount to 135 days. Requests for extensions were granted to give the Defendants an opportunity to locate the relevant file, to compile the administrative record, and to allow for a substitution of counsel.

[2] Defendants' Motion is comprised of (Dkt. No. 15-1) Barbara D. Cottrell, Esq. Affidavit., and (Dkt. No. 15-2) a Memorandum of Law. .

[3] Ms. Fraije's Opposition to Defendants' Motion is comprised of (Dkt. No. 16) Najibe Fraije's Affirmation, dated Dec. 1, 2010, and (Dkt. No. 16-1) Memorandum of Law.

Fraije's claims and allegations are so vague and the relief sought so unclear that they are unable to provide a response. Dkt. No. 15-2 at p. 2. In this respect, Defendants assert that they are unable to connect the allegations in the Complaint with the alleged constitutional violations. *Id*. at p. 3. Moreover, Defendants argue that they are unable to decipher any injury in fact, and, without stating a cognizable injury, Fraije lacks standing to bring this action. *Id*. Lastly, Defendants chide Fraije for either not identifying or erroneously identifying federal rules and regulations that may be relevant to her claim, or even how the Defendants may have departed from those regulations. *Id*. at p. 4.

Fraije responds by stating that her Complaint comports with Federal Rules of Civil Procedure 8 and 10, and meets the liberal pleading policy promulgated in the Federal Rules. Dkt. No. 16-1 at pp. 1-2. She further notes that a *pro se* complaint is entitled to "special solicitude" and given a liberal construction. *Id*. at 2 (quoting, *inter alia*, *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d. Cir. 2006)). And, Fraije remarks that a motion for a more definite statement seeking greater information as to injuries is inappropriate at this stage of the litigation. *Id*. at p. 5. Lastly, Fraije provides greater elaboration as to the nature of her action, *id*. at pp. 2-4, which Defendants charge only complicates her Complaint rather than clarifies it, Dkt. No. 18.

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), and that each averment be "simple, concise, . . . direct, [and] [n]o technical form is required," FED. R. CIV. P. 8(d)(1). "The function of pleadings under the Federal Rules is to

give fair notice of the claim asserted." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512-13 (2002) (finding that this "simplified pleading standard," which "applies to all civil actions," "must give the defendant fair notice of what the plaintiff's claims and the grounds upon which it rests").[4] A court is obligated to "construe[] [pleadings] so as to do justice," FED. R. CIV. P. 8(e), and to "never . . . exalt form over substance," *Amron v. Morgan Stanley Inv. Advisors Inc.*, 464 F.3d 338, 343 (2d Cir. 2006). But, when this standard is not met, Federal Rule of Civil Procedure 12(e) provides that "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading," the responding party may move for a more definite statement before interposing a responsive pleading. *In re Methyl Tertiary Butyl Ether (MTBE) Prod. Liab. Litig.*, 2005 WL 1500893, at *1-2 (S.D.N.Y. June 24, 2005); *see also Pelman ex rel. Pelman v. McDonald Corp.*, 396 F.3d 508, 512 n.5 (2d Cir. 2005) (noting that when the allegations are vague or conclusory, "the cure for such deficiencies . . . is a motion for a more definite statement under Rule 12(e)"). "[U]nless the complaint is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it," a

---

[4] Since *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), there appears to be some uncertainty as to the standard promulgated in Rule 8(a). *See Boykin v. KeyCorp.*, 521 F.3d 202, 213 (2d Cir. 2008). Although the Supreme Court has shifted a court's review of a motion to dismiss to a plausible claim standard, it did not vitiate Rule 8(a) liberal pleading standard. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (ruling that Rule 8(a)(2) "requires only a short and plain statement of the claim showing that the pleader is entitled to relief . . . . [and] [s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests") (internal quotation marks and citations omitted).

motion for a more definite statement should not be granted. *Advanced Commc'n Tech., Inc. v. Li*, 2005 WL 3215222, at *3 (S.D.N.Y. Nov. 30, 2005) (quoting *Bower v. Weisman*, 639 F. Supp. 532, 538 (S.D.N.Y. 1986)); *see also DiPetto v. United States Postal Serv.*, 383 Fed. Appx 102 (2d Cir. 2010). Moreover, a "Rule 12(e) [motion] is not a vehicle to advance objections, which cannot support a Rule 12(b)(6) motion, in order to defer a defendant's time to answer and delay the progress of the action." *Advanced Commc'n Tech., Inc. v. Li*, 2005 WL 3215222, at *3.

Motions for a more definite statement are generally disfavored by the courts because of their dilatory effect. *Sanchez v. New York City*, 1992 WL 167283, at *1 (E.D.N.Y. June 30, 1992) (ruling that Rule 12(e) motion are "disfavored largely because they often add little that discovery could not provide, while creating delay") (internal quotations and citations omitted); *In re European Rail Pass Antitrust Litig.*, 166 F. Supp. 2d 836, 844 (S.D.N.Y. 2001) (citations omitted); *accord Caraveo v. Nielsen Media Research, Inc.*, 2002 WL 530993, at *2 (S.D.N.Y. Apr. 8, 2002); *777388 Ontario Ltd. v. Lencore Acoustics Corp.*, 105 F. Supp. 2d 56, 65 (E.D.N.Y. 2000); JAMES WM. MOORE ET AL, MOORE'S FEDERAL PRACTICE §§ 12.36[1] & [3] (3d ed 2010). However, the Second Circuit has also acknowledged that a motion for a more definite statement is an appropriate mechanism to balance the Circuit's direction regarding the liberal reading of *pro se* pleadings and the needs of a respondent to address the merits of a claim. *See Phillips v. Girdich*, 408 F.3d 124, 128-29 (2d Cir. 2005).

When addressing a *pro se* complaint, courts are obligated to construe it liberally,

*Tapia-Ortiz v. Doe*, 171 F.3d 150, 152 (2d Cir. 1999), and "while *pro se* complaints must contain sufficient factual allegations to meet the plausibility standard, we should look for such allegations by reading *pro se* complaints with "special solicitude" and interpreting them to raise the "strongest [claims] that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d at 474-75 (quoted in *DiPetto v. United States Postal Serv.*, 383 Fed. Appx. at 103); *Phillips v. Girdich*, 408 F.3d at 128 (observing that the courts should look at a *pro se* complaint with a "lenient eye," allowing borderline cases to proceed).

There is no dearth of facts in Fraije's Complaint.  In this twenty-seven page Complaint, Fraije provides a chronological and linear narrative that commences in 1939 and continues to this day.  Although Fraijes waxes prolix and wanders a bit, the Complaint is not ambiguous, vague, nor unintelligible.  Defendants have mistaken the role of notice pleading.  The pleading standard in Rule 8(e) is "without regard to whether a claim will succeed on the merits . . . [and whether] recovery is very remote and unlikely . . . . [,] that is not the test." *Swienkiewicz v. Sorema N.A.,* 534 U.S. at 515 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).  By seeking greater clarification, such as which rules and regulations are at play here, how do the facts connect to the equal protection, due process, and Eighth Amendment causes of action, and what are the injuries, Defendants' objections are nothing short of circumventing the discovery process and extending their time to respond.  These objections have very little to do with the limited pleading requirement found in Rule 8(a).[5]

---

[5] To the extent it may be necessary, notwithstanding Defendants' various complaints, this Court is not reviewing Fraije's Complaint under the Rule 12(b) motion to dismiss standard.  Rule
(continued...)

Even Defendants' Reply, which remonstrates apparent weakness in the Complaint, reflects a penchant for hyper-technicalities and the proverbial "splitting of hairs." *See* Dkt. No. 18.

Fraije's Complaint is so specific and detailed that it may appear to be overwhelming. "While the complaint is no model of elegance, its length and complexity do not render it unintelligible." *Sanchez v. New York City*, 1992 WL 167283, at *2. The Complaint informs the Defendants as to the general nature of the action and to the incidents that contribute to the causes of actions listed therein. "[I]t clearly identifies the offending acts."[6] *Bower v. Weisman*, 639 F. Supp. at 538.

Construing the Complaint in order to do substantial justice, it alleges, in a nutshell, that Fraije was born an United States citizen by virtue of her father's citizenship. She lived aboard during her formative years and for most of her life, although she has traveled to the United States on a visa. She regales the reader with considerable details how she, in attempting to either secure or confirm her United States citizenship, failed to timely meet the citizenship retention requirement and thereby losing her American citizenship, and how she fought over two decades to have it restored but was repeatedly impeded by omissions and commissions. However, after persistent effort, her United States citizenship was eventually regained in July

---

[5](...continued)
12(b)(b) concerns whether a cause of action has been legally stated while Rule 12(e) concerns solely a notice pleading standard.

[6] This Court has reviewed literally hundreds of *pro se* complaints and Fraije's Complaint is superior to most of them. Moreover, we note that the Complaint fully complies with FED. R. CIV. P. 10.

29, 2004. When her children and husband attempted to obtain derivative United States citizenship and United States passports, they were denied because Fraije's citizenship, which was restored in 2004, was not retroactive to her birth in 1939. In essence, Fraije claims that her citizenship should not have been deemed in effect only from 2004, but rather from 1939, so that her family could have derivatively obtained the same American privileges as she. Fraije alleges that due to either deceit, duress, or a denial of due process, she cannot extend her United States citizenship upon her family, and because her family cannot become United States citizens, she has been injured and her constitutional rights have been denied. *See generally* Dkt. No. 1, Compl.

The multitude of factual allegations within the Complaint are clear and specific enough to give Defendants notice of the ways in which they may have violated Fraije's rights. Even if there are some technical irregularities or generalities, neither undermines the purpose of notice pleading nor prejudices the Defendants. *Wynder v. McMahon*, 360 F.3d 73, 77-79 (2d Cir. 2004) (recognizing Rule 8 as a minimum pleading standard). Defendants are not hindered one *iota* in responding to this straightforward and detailed Complaint. To the extent that they lack information and belief to answer a particular fact, they can so allege. If certain alleged statutes or rules and regulations are not applicable, they can deny them, or if applicable, they can also plead them as well. And, as to any defenses that they may have, an answer would be a ripe moment to plead them. Furthermore, Rule 8 does not require the complaint to separate out claims as Defendants suggest. *Wynder v. McMahon*, 360 F.3d at 80.

To answer many of Defendants' inquiries and objections, there is no better starting point than discovery. Courts within our Circuit have aptly noted that limited pleading requirements rely upon liberal discovery rules. *Pelman v. McDonald Corp.*, 396 F.3d at 512 ("This is the sort of information that is appropriately the subject of discovery."); *Sanchez v. New York City*, 1992 WL 167283, at *1 (citations omitted).

For the foregoing reasons, the Defendants' Motion for a More Definite Statement, Dkt. No. 15, is **denied**. Defendants' response to Ms. Fraije's Complaint is due on or before **January 20, 2011.**

The Clerk of the Court is directed to mail a copy of this Memorandum-Decision and Order to Najibe Fraije, 1620 Scott Street, P.O. Box 64032, Ottawa, ON KIY 4SO.

**IT IS SO ORDERED**.

December 29, 2010
Albany, New York

RANDOLPH F. TREECE
United States Magistrate Judge