UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

NAJIBE FRAIJE,

                Plaintiff,

v.                                          Civ. No. 8:10-CV-0514
                                          (GTS/RFT)
HILARY RODHAM CLINTON, Sec'y, U.S. Dep't
of State; EDWARD A. BETANCOURT, Dir., Office
of Overseas Citizens Servs.,U.S. Dep't of State; U.S.
DEP'T OF STATE; and UNITED STATES OF
AMERICA,

                Defendants.
_____

APPEARANCES:                                  OF COUNSEL:

NAJIBE FRAIJE
  Plaintiff, *Pro Se*
1620 Scott Street
P.O. Box 64032
Ottawa, ON K1Y 4S0

U.S. DEPT. OF JUSTICE                        STACEY I. YOUNG, ESQ.
  Counsel for Defendants                      Trial Attorney
Office of Immigrant Litigation – District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044

GLENN. T. SUDDABY, United States District Judge

## MEMORANDUM-DECISION and ORDER

      Currently before the Court, in this immigration action filed *pro se* by Najibe Fraije ("Plaintiff") against the four above-captioned governmental officials and entities ("Defendants"), are the following six motions or appeals: (1) Plaintiff's motion for partial summary judgment; (2) Plaintiff's motion to strike a portion of Defendants' Answer; (3) her second motion for summary judgment or in the alternative for an Order reopening discovery and compelling

Defendants to comply with her discovery requests; (4) Defendants' cross-motion for summary judgment; (5) Plaintiff's appeal from United States Magistrate Judge Randolph F. Treece's Text Order of September 6, 2011, granting Defendants' request for an extension of time to file a reply on their cross-motion; and (6) Plaintiff's appeal from Magistrate Judge Treece's Order of September 6, 2011, denying Plaintiff's request for an extension of time to file further papers with regard to Defendants' cross-motion and her own motions.  (Dkt. Nos. 28, 41, 43, 53.)  For the reasons set forth below, Plaintiff's three motions are denied; her two appeals are denied; Defendants' cross-motion is granted; and Plaintiff's Complaint is dismissed.

I.     RELEVANT BACKGROUND

In their motion papers, the parties have demonstrated an accurate understanding of the claims asserted in Plaintiffs' Complaint, the procedural history of this action, the legal arguments in support of and opposition to Plaintiff's motions and Defendants' cross-motion, and the legal standard governing those motions.  As a result, the Court will not recite that information in this Decision and Order, which is intended primarily for the review of the parties.

Rather, the Court would add only three points regarding Plaintiff's claims and arguments in this action.  First, generally, in her Complaint, Plaintiff (who was born on June 11, 1938, in Lebanon to a naturalized United States citizen father and a Lebanese citizen mother) claims that she is entitled to the retroactive restoration of her United States citizenship between June 11, 1962 (when she allegedly lost her United States citizenship due to her failure to live in the United States for a certain period of time during her first 23 years of life), and August 17, 2004 (when she regained her citizenship due to an Act of Congress).  (*See generally* Dkt. No. 1.)

Second, in her memoranda of law, she explains that she is seeking this relief so that (1)

the law would deem that her three children were born when she was a United States citizen, and (2) she can become a Canadian citizen without losing her United States citizenship. (Dkt. No. 46, at 3-4.)

Third, in her Complaint and memoranda of law, she attempts to support her request with the following four allegations or arguments: (1) she should be excused from her non-compliance with Nationality Act of 1934's requirement that she live in the United States for a certain period of time in order to retain her United States citizenship ("the retention requirement"), because, during the time in question, she could not afford to move to the United States, she was unaware of her United States citizenship, she was given misinformation by governmental officials, and/or she was stateless; (2) because the United States Supreme Court declared Section 2 of the Nationality Act of 1934 unconstitutional in *Schneider v. Rusk*, 377 U.S. 163 (1964), if the Department of State had fulfilled it duty of attempting to enforce that statute against Plaintiff's faith in 1964, Plaintiff would have been deemed to have acquired United States citizenship at that time; (3) the citizenship oath that Plaintiff took in 2004 itself suggested that she never lost her citizenship; (4) because she was not unambiguously informed in 2004 that her restoration of citizenship was only prospective (and not also retroactive), she was materially disadvantaged; and (5) Defendants have wrongfully denied her of certain material discovery, which would prove her claims. (*See generally* Dkt. Nos. 1, 28, 31, 41, 46.)

II. ANALYSIS

After carefully considering the parties' motion papers, the Court grants Defendants' cross-motion for each of the four alternative reasons stated in Defendants' memoranda of law: (1) Plaintiff lacks standing to raise her claims because [a] she does not suffer from an injury in

fact that is fairly traceable to Defendants' actions and likely redressable by a favorable decision, and [b] the fact that she is already a citizen renders her citizenship claim moot; (2) in the alternative, the Court lacks jurisdiction to consider Plaintiff's claims under any of the six jurisdictional grounds she asserts (including 8 U.S.C. § 1503); (3) in the alternative, Plaintiff's claims are barred by the five-year statute of limitations established by 8 U.S.C. § 1503(a), because she had reason to know that she regained her citizenship prospectively on August 17, 2004, and she did not file this action until May 5, 2010; and (4) in the alternative, Plaintiff's failure to comply with the applicable retention requirement, to which no exception or defense applies (including any defense asserted by Plaintiff), renders her ineligible for the retroactive citizenship she seeks (even if the Court granted Plaintiff's motion to strike).  (Dkt. No. 30, at 1-8 [attaching pages "1" through "8" of Defs.' Opp'n Memo. of Law]; Dkt. No. 43, Attach. 1, at 9-20 [attaching pages "4" through "15" of Defs.' Memo. of Law]; Dkt. No. 51 [Defs.' Reply Memo. of Law].)  In addition, the Court denies Plaintiff's motion for partial summary judgment as moot and, in the alternative, as unsupported by a showing of cause, for the reasons stated in Defendants' memoranda of law.  (Dkt. No. 30, at 1-8 [attaching pages "1" through "8" of Defs.' Opp'n Memo. of Law].)  Similarly, the Court denies Plaintiff's motion to strike and second motion for summary judgment as moot and, in the alternative, as unsupported by a showing of cause, for the reasons stated in Defendants' memoranda of law.  (Dkt. No. 43, Attach. 1, at 6-22 [attaching pages "1" through "17" of Defs.' Memo. of Law]; Dkt. No. 51 [Defs.' Reply Memo of Law].)[1]  Finally, the Court denies Plaintiff's two appeals as unsupported by a showing of cause.

---

[1] The Court notes that it bases its denial of Plaintiff's two motion also on the ruling of Magistrate Judge Treece, rendered after Defendants filed their memoranda of law, that "[a]ll outstanding discovery issues were resolved by this Court's August 26, 2011 Order, therefore,

The Court would add only five brief points. First, Magistrate Judge Treece was well within his discretion in granting Defendants' request for a deadline extension (especially considering the ground for the request–a death in counsel's family–and the fact that the new deadline was actually eleven days *before* the original deadline of September 26, 2011, imposed by a Text Notice of the undersigned on August 22, 2011). Similarly, Magistrate Judge Treece was well within his discretion in denying Plaintiff's request for a deadline extension (especially given the fact that [1] Magistrate Judge Treece's Order of August 26, 2011, which denied her request for further discovery, mooted her argument that she needed an opportunity to supplement her response papers due to her receipt of further discovery, and [2] to the extent she was attempting to do so, she had no right to file either a sur-reply on Defendants' cross-motion or a sur-sur-reply on her own motions).[2]

Second, although Defendants' response to Plaintiff's motion for partial summary judgment is unsupported by a Local Rule 7.1 Statement (*see generally* Dkt. No. 30), the factual allegations of Plaintiff's Rule 7.1 Statement–even if deemed admitted by Defendants–do not

---

there is no need to provide an extension." (Dkt. No. 49, at 1.)

[2]   The Court notes that, in her appellate papers, Plaintiff argues that Defendants served a copy of their cross-motion to her daughter's address rather than to her address, causing a sevel-day delay in service. (Dkt. No. 48, at 1; Dkt. No. 53, at 1.) For the sake of brevity, the Court will set aside the fact that any such miscommunication was caused in part by Plaintiff's attempt to be represented in this action by non-lawyers (i.e., her children). More important are (1) the fact that Defendants filed a Certificate of Service swearing that Plaintiff was served at both her own address and her daughter's address (Dkt. No. 44), and (2) in any event, Plaintiff has not adduced any evidence that she was materially prejudiced by the alleged delay in service (Dkt. No. 53). With regard to this last point, Plaintiff was able to file a timely reply with regard to Defendants' motion. (Dkt. No. 46.) Furthermore, at the point she filed her reply, she had in her possession all of the discovery which she was entitled to, and which she needed to oppose Defendants' motion. (Dkt. No. 49, at 1; *see also* Dkt. No. 45.)

warrant granting partial summary judgment in Plaintiff's favor, for the reasons stated in Defendants' opposition memorandum of law.[3]

Third, Plaintiff's second motion for summary judgment is unsupported by a proper Rule 7.1 Statement. (*See generally* Dkt. No. 41, Attach. 1 [Plf.'s Rule 7.1 Statement, asserting only that "Plaintiff record [sic] is full of evidentiary ambiguities," without any supporting record citation].)[4] While Plaintiff attempts to file a Rule 7.1 Statement in her reply (to Defendants' response to her motion), that attempt is improper under Local Rule 7.1, because Defendants did not have an opportunity to admit or deny those late-blossoming assertions in a sur-reply. (Dkt. No. 46, Attach. 1 [Plf.'s Reply].)

Fourth, while some of the paragraphs in Defendants' Rule 7.1 Statement (in support of their cross-motion) improperly contain legal conclusions, the remainder contain factual assertions that are supported by accurate record citations, and are undisputed by Plaintiff in her Rule 7.1 Response (to Defendants' Rule 7.1 Statement).[5] As a result, those factual assertions are

---

[3] While the deficiency is immaterial under the circumstances, the Court notes that the first fact asserted in Paragraph 4 is unsupported by the record citation provided. (Dkt. No. 28, Attach. 2, at ¶ 4.)

[4] The Court notes that, on May 3, 2010, Plaintiff received notice of the duty to submit, and the consequences of failing to submit, a Local Rule 7.1 Statement in support of a motion for summary judgment. (Dkt. No. 2 [attaching Notice to *Pro Se* Litigants, page 2 of which specifically advises Plaintiff of first fact in question; attaching courtesy copy of Local Rules of Practice for the Court, Local Rule 7.1[a][3] of which advises her of both facts in question; and attaching courtesy copy of District's *Pro Se* Handbook, page 42 of which advises her of both facts in question].) Indeed, apparently as a result of this notice, Plaintiff submitted a more proper Local Rule 7.1 Statement in support of her motion for partial summary judgment. (Dkt. No. 28, Attach. 2.)

[5] (*Compare* Dkt. No. 43, Attach. 2 [Defs.' Rule 7.1 Statement] *with* Dkt. No. 46, Attach. 1 [Plf.'s Rule 7.1 Response, not admitting or denying Defendants' 12 factual assertions in matching numbered paragraphs supported by accurate record citations, but rather attempting to do so in one paragraph, then attempting to assert 22 additional undisputed facts].)

deemed admitted by Plaintiff, under Local Rule 7.1.[6] The Court notes that, even if it were to treat Defendants' non-conclusory and properly supported factual assertions as contested by Plaintiff, the Court would find those factual assertions to be uncontroverted by the available record evidence.

Fifth, and finally, Plaintiff has not shown by affidavit or declaration that–due to an inadequate opportunity to conduct discovery of Defendants–she cannot present facts essential to justify her opposition of Defendants' cross-motion, warranting denial of Defendants' cross-motion without prejudice pursuant to Fed. R. Civ. P. 56(d). (Dkt. Nos. 41, 46, 48, 53.) The Court notes that Plaintiff's argument that summary judgment in Defendants' favor is inappropriate due to the need for further discovery is undermined by the fact that (1) she herself *twice* moved for summary judgment (Dkt. Nos. 38, 41), and (2) Magistrate Judge Treece has found her request for further discovery to be without merit (Dkt. No. 45; Dkt. No. 49, at 1).

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for partial summary judgment (Dkt. No. 28) is **<u>DENIED</u>**; and it is further

**ORDERED** that Plaintiff's motion to strike and second motion for summary judgment (Dkt. No. 41) are **<u>DENIED</u>**; and it is further

---

[6] The Court notes that, on May 3, 2010, Plaintiff received notice of her duty to submit, and the consequences of failing to submit a Local Rule 7.1 Response admitting or denying each of Defendants' assertions in matching numbered paragraphs, and supporting any such denials with a specific citation to the record where the factual issue arises. (Dkt. No. 2 [attaching Notice to *Pro Se* Litigants, page 2 of which specifically advises Plaintiff of fact in question; attaching courtesy copy of Local Rules of Practice for the Court, Local Rule 7.1[a][3] of which advises her of fact in question; and attaching courtesy copy of District's *Pro Se* Handbook, page 42 of which advises her of fact in question].)

      **ORDERED** that Plaintiff's two appeals from orders of Magistrate Judge Treece (Dkt. No. 53) are **DENIED**; and it is further

      **ORDERED** that Defendants' cross-motion for summary judgment (Dkt. No. 43) is **GRANTED**; and it is further

      **ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

      The Clerk of the Court is directed to enter Judgment for Defendants and close this action.

Dated: March 22, 2012
       Syracuse, New York

*[signature]*
Hon. Glenn T. Suddaby
U.S. District Judge